**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 5, 2023
Date Decided: September 6, 2023

Richard P. Rollo, Esquire
Kevin M. Gallagher, Esquire
Travis S. Hunter, Esquire
Angela Lam, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Ms. Laura Tyler Perryman
1521 Alton Rd., Suite 417
Miami Beach, FL 33139

Matthew F. Davis, Esquire
Justin T. Hymes, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza – 6th Floor
1313 N. Market Street
Wilmington, DE 19801

Re: *Stimwave Technologies Incorporated v. Laura Tyler Perryman, et al.*, C.A. No. 2019-1003-SG

Dear Counsel and Ms. Perryman:

Ms. Perryman sought a stay, citing the burden of litigating this matter in light of an ongoing criminal prosecution. I denied the stay on August 14, 2023. Ms. Perryman now seeks an interlocutory appeal of that denial, and requests my certification of that appeal. I have attached an order in the format required by Supreme Court Rule 42, declining to certify the interlocutory appeal.

My denial of a stay does not determine an issue of material importance. It does not prejudice Ms. Perryman, who is free to request a stay in the future if the criminal litigation makes such appropriate. The question of whether to grant a stay is in the discretion of the Court, as a function of its necessary control of its docket.[1] The burden to the litigants and to the Supreme Court of interlocutory appeal, therefore, is in no way justified. None of the factors of Supreme Court Rule 42(b)(iii) support interlocutory appeal.[2] The certification is accordingly DENIED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[1] *See*, *e.g.*, *BHEP GP I, LLC v. Kentucky Retirement Sys.*, 2018 WL 3689310, at *1 (Del. 2018); *In re Bay Hills Emerging Partners I, L.P.*, 2018 WL 3545305, at *2 (Del. Ch. July 23, 2018).

[2] I have considered those factors here, which include whether: (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| STIMWAVE TECHNOLOGIES INCORPORATED a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2019-1003-SG |
| LAURA TYLER PERRYMAN, et al., | ) ) | |
| Defendant. | ) | |

**ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY
ORDER**

This sixth day of September, 2023, the Defendant Laura Tyler Perryman having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated August 14, 2023; and the Court having found that such order does not decide a substantial issue of material importance regarding the merits of this action, and that none of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that the Court's order of August 14, 2023, is hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

Dated: September 6, 2023

/s/ Sam Glasscock III
Vice Chancellor